# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
**No. 21-1660V**

| | | |
|---|---|---|
| DEBORAH BECKWITH, Petitioner, | * | Chief Special Master Corcoran |
| v. | * | Filed: September 1, 2026 |
| SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent. | * | |

*David J. Carney*, Green & Schafle, LLC, Philadelphia, PA, for Petitioner.

*Parisa Tabassian*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION GRANTING IN PART AWARD OF ATTORNEY'S FEES AND COSTS[1]

On August 4, 2021, Deborah Beckwith filed this Petition seeking compensation under the National Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition, dated Aug. 4, 2021 (ECF No. 1) ("Pet."). Petitioner initially alleged that she experienced Guillain-Barré syndrome ("GBS") due to three separate doses of the influenza vaccine received within two consecutive days, but it was later determined that only one dose was established to have been administered.

After briefing from the parties, I entered a decision denying entitlement on August 29, 2025. Decision, dated Aug. 29, 2025 (ECF No. 67). Petitioner subsequently filed a Motion for

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Review of my decision on September 26, 2025 (ECF No. 70), but was unsuccessful, and judgment was entered dismissing the claim.

Petitioner initially filed a Motion for Interim Fees prior to my Decision, but that motion remains pending. Interim Fees Motion, dated June 25, 2025 (ECF No. 64) ("Interim Fees Mot."). At the conclusion of this case, Petitioner filed a Final Fees Motion to supplement the original fees request. Motion for Attorney's Fees, dated April 14, 2026 (ECF No. 78) ("Final Fees Mot."). Petitioner now seeks in total **$240,751.44**: $197,578.70 (reflecting $144,086.60 in fees [$137,040.00 in interim fees and $7,046.60 in supplemental fees] and $53,492.10 in costs) to be made payable to Green & Schafle, LLC, and $43,172.74 (reflecting $41,355.20 in fees and $1,817.54 in costs) to be made payable to Maglio Christopher & Toale, P.A. Final Fees Mot. at 13; Interim Fees Mot. at 3.

Respondent reacted to both the interim and final fees requests. *See* Response, dated July 9, 2025 (ECF No. 65); Response, dated Apr. 28, 2026 (ECF No. 79) ("Resp. to Final Fees Mot."). Respondent is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but defers the calculation of the amount to be awarded to my discretion. Resp. to Final Fees Mot. at 5. However, Respondent requested I make note of several specific circumstances surrounding Petitioner's requests. *Id.* These include: my non-PDF Order on July 26, 2023, that stated I would not award compensation for time spent filing the motions for reconsideration or for obtaining proof of vaccination (a document which shed light on the unusual claim that three doses of the same vaccine were administered within the space of a single day); Petitioner's extensive briefing of all causation prongs, when I only ordered Petitioner address the timeframe prong; the hourly rate and value of one expert's work; the billing of administrative tasks by Petitioner's counsel; and improper charging of overhead expenses. *Id*. at 5−12. *See* Interim Fees Mot. at 43−58, 95−99, 24−27, 29, 32−33, 36−38, 43−45. Petitioner filed a Reply after each Response, reasserting her position. Reply, dated July 10, 2025 (ECF No. 66) ("Reply to Interim Fees Mot."); Reply, dated May 5, 2026 (ECF No. 80).

For the reasons below, I **GRANT IN PART** Petitioner's Motion, awarding fees and costs in the total amount of **$224,130.83**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when

determining if a claim possessed "reasonable basis" sufficient for a fees award. *See e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis is demonstrated through some objective evidentiary showing.[3] *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. Reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation).

The standard for reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find there was sufficient objective basis to entitle her to a fees and costs award. Her GBS was not in contention, and the question of whether its onset was medically acceptable was reasonably disputed. Accordingly, and because I find no other reason to deny fees despite the claim's disposition, a final award of fees and costs in this matter is appropriate.

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

[4] *See also Chusiano*, 116 Fed. Cl. At 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

## II. Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

### A. *Rates and Fees for Green & Schafle, LLC Litigation Attorneys*

Petitioner requests the following rates for her Green & Schafle counsel:

| | **2021** | **2022** | **2023** | **2024** | **2025** | **2026** |
|---|---|---|---|---|---|---|
| **David J. Carney, Esq.** | $375.00 | $400.00 | $425.00 | $450.00 | $475.00 | $512.00 |
| **Adam M. Green, Esq.** | $400.00 | $425.00 | $425.00 | $450.00 | $475.00 | n/a |
| **Matthew B. Bernstein, Esq.** | n/a | n/a | n/a | n/a | $350.00 | $375.00 |
| **Evan R. Baker, Esq.** | n/a | n/a | $200.00 | $225.00 | n/a | n/a |
| **Law Clerk** | n/a | $157.50 | $157.50 | $157.50 | $157.50 | n/a |
| **Paralegal** | $145.00 | $145.00 | $175.00 | $175.00 | $185.00 | $195.00 |

Final Fees Mot. at 12.

The attorneys at Green & Schafle, LLC have been recognized to practice in forum, thus entitling them to commensurate rates established in *McCulloch*. *See Grant v. Sec'y of Health &*

*Hum. Servs.*, No. 20-1262V, 2024 WL 3176349, at *2 (Fed. Cl. Spec. Mstr. May 28, 2024). The rates requested are also generally consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[5] *Cummings v. Sec'y of Health & Hum. Servs.*, No. 24-1742, slip op. at 2 (Fed. Cl. Spec. Mstr. June 25, 2026); *Lee v. Sec'y of Health & Hum. Servs.*, No. 24-195V, slip op. at 2 (Fed. Cl. Spec. Mstr. Feb. 25, 2026).

A cursory review of the records submitted reveals some discrepancies in the tasks billed by these attorneys, however. First, some tasks performed by attorneys were more properly billed using a paralegal rate.[6] Attorneys in the Vaccine Program are not permitted to perform paralegal-level work, such work must be billed at a rate comparable to what a paralegal would be paid for performing the same task. *Riggins v. Sec'y of Health & Hum. Servs*., No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009) ("[t]asks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate."). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v. Sec'y of Health & Hum. Servs*., No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010).

Also, Mr. Carney billed for certain tasks that would be more appropriately classified as "administrative."[7] Mr. Carney argued that his associated attorneys and paralegals properly billed administrative tasks at a paralegal rate. Reply to Interim Fees Mot. at 9–14. But administrative tasks *cannot* be billed to the Program, regardless of rate. *See Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (denying an award of fees for time billed by a secretary and finding that "[these] services...should be considered as normal overhead office costs included within the attorneys' fees rates"). Attorneys have been denied fees for billing entries that include language such as "...receive disk, copy to computer..." or "[c]heck file, docket, order and calendar" or "finalize invoice" or "reviewing invoices, setting up meetings, and making travel arrangements" on the basis that these entries represent administrative tasks. *Moxley v. Sec'y of Health & Hum. Servs*., No. 06-213V, 2017 WL 5080289, at *3 (Fed. Cl. Oct. 12, 2017); *Mostovoy v. Sec'y of Health & Hum. Servs.*, No. 02-10, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). The billing entries for

[5] OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node2914 (last visited June 22, 2026).

[6] Entries considered paralegal in nature include, but are not limited to, drafting and filing basic documents such as an exhibit list, PAR Questionnaire, notice of filing exhibit list, statements of completion, notice of intent, cover sheet, joint notices not to seek review, filing medical records, drafting subpoenas for records, and following up on production of records from providers. *See, e.g*., billing entries dated: 08/02/2021, 08/04/2021.

[7] *See, e.g.,* billing entries dated 04/03/2020, 07/06/2020, 08/19/2020, 09/15/2020, 08/05/2021, 01/14/2022, 02/14/2022, 03/04/2022, 04/22/2022, 08/01/2022, 11/04/2022, 11/21/2022, 02/02/2023, 02/09/2023, 07/06/2023, 07/17/2023, 11/13/2023, 11/202023, 02/15/2024, 03/11/2024, 06/18/2024, 07/10/2024, 11/06/2024, 01/07/2025, 01/13/2025.

"download[ing]" documents or "open[ing] file" or "saved to file" cannot be paid out by the Program.[8]

Further, there is the issue of time spent on certain motions for reconsideration occasioned by Petitioner's inability to substantiate vaccination. *Two* motions for reconsideration had to be resolved while Petitioner struggled to confirm the fact of vaccination—a baseline matter that should usually be addressed well before a case is even filed (except in rare circumstances). This wasted precious judicial resources. To avoid issuing payment for work attributable to these motions or identifying and filing Exhibit 15 (the document that resolved the vaccination proof issue), I determined that all time billed from June 14 to July 26, 2023, should be discounted from Green & Schafle's total billable time. Order, dated July 26, 2023 (ECF No. 37) at 3.

However, this time was not deleted from the attorney invoices. *See generally* Interim Fees Mot. Rather, Petitioner's counsel claims that only 4.5 hours were devoted to researching and drafting the motions for reconsideration. Reply to Interim Fees Mot. at 3. And Petitioner argues that the fees accumulated and time devoted to this matter were reasonable and modest, and I should allow them herein. Reply to Interim Fees Mot. at 3. (In fact, a closer look reveals that *over 17 hours* were billed during the time I identified. *See* Interim Fees Mot. at 31–33. And 13.3 of those hours were attributed to drafting and researching those motions for reconsideration. *See id.* )

There is a sound reason I determined three years ago that Petitioner's counsel would not be compensated for this time—and that is that this work was unreasonably incurred, on a side issue that should never have distracted the case's progression for as long as it did. And Petitioner's disregard for my Order is especially unprofessional.

Based on the forgoing reasons, I will exercise my discretion to make limited, across-the-board cuts to time in this matter. I find that a ten percent cut to the fees submitted by Green & Schafle, LLC is appropriate. Application of the foregoing reduces the amount of fees to be awarded to Green & Schafle, LLC by **$14,408.66**.[9]

B. *Rates and Fees for Maglio Christopher & Toale, P.A.*

Attorneys at Maglio, Christopher & Toale, P.A. performed work on this matter in connection with the Motion for Review. The rates they seek for the time expended on this matter are as follows:

| | **2025** | **2026** |
|---|---|---|

[8] *See, e.g.,* billing entries dated 04/03/2020, 07/06/2020, 08/19/2020, 09/15/2020.

[9] Calculated by: $144,086.60 x (10/100) = $14,408.66.

| | | |
|---|---|---|
| **Grant Godfrey, Esq.** | $515.00 | n/a |
| **Jennifer Maglio, Esq.** | $572.00 | $625.00 |
| **Paralegal** | $205.00 | $225.00 |

Final Fees Mot. at 25.

The attorneys at Maglio Christopher & Toale, P.A. have been recognized to practice in forum, thus entitling them to commensurate rates established in *McCulloch*. *Kalajdzic on behalf of A.K. v. Sec'y of Health & Hum. Servs.*, No. 17-792V, 2024 WL 4792856, at *3 (Fed. Cl. Spec. Mstr. Oct. 15, 2025). The rates requested are also generally consistent with what has previously been awarded, in accordance with the Office of Special Masters' fee schedule.[10] *Sheller v. Sec'y of Health & Hum. Servs.*, No. 18-696, slip op. at 12–13 (Mar. 27, 2025).

Ms. Jennifer Maglio has not been awarded an hourly rate for 2026 yet, and Mr. Grant Godfrey has not yet had an approved rate for his work in the Program, however. Mr. Godfrey has been a licensed attorney for thirty years, but only a member of the Bar of the United States Court of Federal Claims since 2025. Final Fees Mot. at 35. This is his only case before me. His requested rate falls within the lower end of the acceptable range of practitioners with twenty to thirty years of experience, which is fitting since he is a well-seasoned attorney who lacks experience before the Program.[11] I find that his requested rate of $515.00 for his work performed in 2025 is reasonable considering his experience, and will apply it.

Ms. Maglio has been a practicing attorney for thirty years, roughly sixteen of which she has handled cases before the Program. Final Fees Mot. at 37–38. She requests an hourly rate of $625.00 for her work performed in 2026. *Id.* at 25. This is an increase of $53.00 from her 2025 rate, which is a larger jump compared to her past hourly rate increases. *See id.* at 38. However, this value falls within the 2026 appropriate hourly rate for attorneys with Ms. Maglio's experience,[12] and I find no reason to reduce it herein.

A cursory review of the billing records does not raise any concerns about improper billing practices, therefore, I shall grant the requested fees for the work performed by Maglio Christopher & Toale, P.A. in full.

## III. Calculation of Costs

---

[10] *See supra* note 5.

[11] The acceptable billable rate for an attorney with 20 to 30 years of experience in 2025 is set at $511.00 to $606.00. OSM Attorney's Forum Hourly Rate Fee Schedules, https://www.cfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules (Last visited Aug. 31, 2026).

[12] *See supra* note 5.

A. *Green & Schafle, LLC Costs*

Petitioner seeks $53,492.10 in litigation costs, including medical records, filing fees, postage, and expert witness expenses. Interim Fees Mot. at 50−64. Petitioner has provided supporting documentation for all claimed costs. *See id.* Petitioner's non-expert costs requested herein are mostly typical in Program cases and were reasonably incurred in this matter. However, Petitioner's counsel also requested reimbursement for medical journals, an overhead expense. Interim Fees Mot. at 52. Costs associated with purchasing journals are not compensable in the Program. *Rodriguez v. Sec'y of Health & Hum. Servs*., No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. July 27, 2009) (finding that a National Law Journal Subscription was an overhead expense and not compensable). I therefore deny the costs of the medical journals, which results in a reduction of **$66.95**.[13]

There is also the question of the cost of one of Petitioner's experts. Omid Akbari, Ph.D., is an immunologist who prepared two expert reports for Petitioner. Report, dated Oct. 31, 2023, filed as Ex. P18 (ECF No. 43-1); Report, dated June 14, 2024, filed as Ex. P77 (ECF No. 53-2). Dr. Akbari billed a total of $42,185.00 for 76.7 hours of work performed at a rate of $500.00 per hour between 2021-23, and $550.00 per hour for work done in 2024. Interim Fees Mot. at 4, 95−99. Dr. Akbari has previously, however, been awarded $500.00 per hour for work done in the Program, and I see no reason to make a different finding for his collective rates in this matter. *Bristow v. Sec'y of Health and Hum. Servs.*, No. 19-457V, 2022 WL 17821111, at *5−6 (Fed. Cl. Spec. Mstr. Nov. 15, 2022). And it has previously been determined that $550.00 per hour for Dr. Akbari's work "is excessive." *Foukarakis v. Sec'y of Health & Hum. Servs.*, No. 20-1547V, 2024 WL 1156130, at *3 (Fed. Cl. Spec. Mstr. Feb. 22, 2024). Accordingly, I will apply the $500.00 rate to the work performed by Dr. Akbari in 2024. This results in a reduction of **$2,145.00**.[14]

Petitioner's other expert, Joseph Jeret, M.D., is a neurologist who submitted three reports on behalf of Petitioner. Report, dated Oct. 21, 2022, filed as Ex. P11 (ECF No. 24-1); Report, dated Oct. 31, 2023, filed as Ex. P16 (ECF No. 42-1); Report, dated June 14, 2024, filed as Ex. P76 (ECF No. 53-1). Dr. Jeret billed a total of $9,250.00 for 18.5 hours of work at a rate of $500.00 per hour. Interim Fees Mot. at 94. Dr. Jeret has previously been awarded his requested rate, and I see no reason to make an alternative finding. *See Ray v. Sec'y of Health & Hum. Servs.*, No. 20-321V, 2025 WL 2780387, at *5 (Fed. Cl. Spec. Mstr. Sep. 5, 2025); *Young v. Sec'y of Health & Hum. Servs.*, No. 20-478V, 2025 WL 1453558, at *2 (Fed. Cl. Spec. Mstr. Apr. 10, 2025). Additionally, I find the overall number of hours expended by Dr. Jeret to be reasonable, and I will award his expert costs in full.

---

[13] Calculated by: $27.95 Thaler Article + $39.00 Karger Article = $66.95.

[14] Calculated by: ($550.00-$500.00) x (42.9 hours of work performed in 2024) = $2,145.00.

B. *Maglio Christopher & Toale, P.A. Costs*

Petitioner seeks $1,817.54 in litigation costs incurred by counsel working on the Motion for Review, all of which are costs associated with the use of Westlaw in legal research. Final Fees Mot. at 29−34. Respondent objected to these research costs, claiming they were overhead expenses associated with the regular business practice of law. Resp. to Final Fees Mot. at 10−11. That objection has some merit. *Rodriguez v. Sec'y of Health & Hum. Servs*., No. 06-559V, 2009 WL 2568468, at *23 (Fed. Cl. July 27, 2009). However, costs for Westlaw and LexisNexis research have been reimbursed, so long as the relevant attorneys do not collect a surcharge above the actual research costs. *Sevier v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750 (1991) (finding that the special master did not abuse his discretion in denying attorneys from recovering surcharge imposed on Westlaw research by their law firm). I find that the costs associated with Westlaw research are appropriate and will reimburse them in full.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT IN PART** both of Petitioners' Motions for Attorney's Fees and Costs. Petitioners are awarded a total amount of **$224,130.83** to be distributed as follows:

**A. A lump sum of $180,958.09 (reflecting $129,677.94 in attorney's fees and $51,280.15 in costs), to be paid through an ACH deposit to Petitioner's counsel, David J. Carney of Green & Schafle, LLC's, IOLTA account for prompt disbursement, and**

**B. A lump sum of $43,172.74 (reflecting $41,355.20 in attorney's fees and $1,817.54 in costs), to be paid through and ACH deposit to Petitioners' counsel, Grant D. Godfrey of Maglio, Christopher & Toale, P.A.'s, IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[15]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

[15] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.